USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____11/25/2019____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PEOPLE10 TECHNOLOGIES INC.,** | Case No. 1:19-cv-08196(AT) |
|                Plaintiffs, | |
|   – against – | **CONSENT MOTION TO SET ASIDE DEFAULT** |
| **CERTINTELL INC.,** | |
|                Defendants. | |

Defendant, Certintell, Inc. ("Certintell"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 55(c), submits the following Consent Motion to Set Aside Default:[1]

1.     On September 3, 2019, Plaintiff People10 Technologies Inc. filed a Complaint alleging breach of contract against Certintell. (Dkt. 1).

2.     On September 9, 2019, Plaintiff filed an affidavit of service, reflecting that Plaintiff had the Summons, Complaint, and Exhibits served on Grant Awes of Certintell.[2]

3.     On October 28, 2019, Plaintiff filed a Proposed Order to Show Cause why Certintell should not be held in default. (Dkt. 13).

4.     On October 29, 2019, the Court entered an Order to Show Cause for Default. (Dkt. 15).

---

[1] As instructed by the Chambers, being that Plaintiff consents to the requested relief, Certintell files this motion without a premotion conference letter.

[2] Mr. Awes is the Director of Marketing of Certintell. Certintell does not concede that service on Mr. Awes was sufficient to accomplish service on Certintell.

5.　　On October 31, 2019, Plaintiff served Greta Haas of Certintell with the Order to Show Cause.  (Dkt. 16).

6.　　On November 12, 2019, Certintell's attorney, Joe Leo of BrownWinick in Des Moines, Iowa, first became aware of the lawsuit and Order to Show Cause.  The next day, he contacted Plaintiff's attorney to request withdrawal of the motion for default judgment.

7.　　On November 14, 2019, Plaintiff agreed to withdraw its motion for default judgment.  Plaintiff has also agreed to allow Certintell a thirty-day extension to file an answer to the Complaint.

8.　　Certintell requests the Court vacate its Order to Show Cause for Default and allow this case to proceed on its merits.  Certintell did not have notice of this lawsuit until it was served with the Order to Show Cause, and that is the only reason for Certintell's failure to respond to the Complaint and other filings.

9.　　The Court may set aside an entry of default for good cause shown.  Fed. R. Civ. P. 55(c).  "In the default judgment context, courts generally examine three criteria to determine whether to vacate a judgment: '(1) whether the default was willful; (2) whether defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted.'"  *Am. Alliance Ins. Co., Ltd. v. Eagles Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (quoting *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983)).  Willfulness requires more than mere negligence.  *Id.* at 60.  "Strong public policy favors resolving disputes on the merits."  *Id.* at 61.  Courts apply a "lenient standard" in evaluating Rule 55(c) motions.  *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981).  "While courts are entitled to enforce compliance with the time

limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." *Id.*

10.     Here, Certintell's failure to respond and the resulting Order to Show Cause were not the result of any willfulness by Certintell.   Rather, Certintell did not have notice of the lawsuit until served with the Order to Show Cause.   Further, Plaintiff consents to this motion and will not be prejudiced if the Court grants it and permits the case to proceed on the merits.

WHEREFORE, Defendant Certintell Inc. requests the Court enter an order:

(1)     Vacating the Order to Show Cause for Default;

(2)     Cancelling the hearing currently set for December 5, 2019 at 3:00 p.m.; and

(3)     Allowing Defendant thirty additional days to file an Answer to the Complaint.

Date: November 25, 2019                              Sincerely,

Stefan Savic
Brian L. Grossman
**SHIPKEVICH PLLC**
165 Broadway, Suite 2300
New York, New York 10006
Telephone:     (212) 252-3003
Facsimile:      (888) 568-5815
ssavic@shipkevich.com
bgrossman@shipkevich.com

GRANTED.  The Clerk's Certificate of Default, ECF No. 11, is hereby VACATED.  The show cause hearing scheduled for December 5, 2019 is ADJOURNED *sine die*.  By **December 26, 2019**, Defendant shall answer or otherwise respond to the complaint.

A separate order will issue scheduling an initial pretrial conference.

SO ORDERED.

Dated:  November 25, 2019
           New York, New York

ANALISA TORRES
United States District Judge